IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DAVID E. ANDERSON, JR.**, | Civil Case No. 10-521-KI |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| **JOHN LEONARD**, employed as Oregon State Hospital; **PETE KUOR**, employed as Oregon State Hospital; **TEYA MOSES**, an individual, | |
| Defendants. | |

       David E. Anderson, Jr.
       C/O Amy Beer
       P.O. 5621
       Twin Falls, Idaho  83303-5621

           Pro Se Plaintiff

Page 1 - OPINION AND ORDER

John R. Kroger
Attorney General
Justin Emerson Kidd
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096

       Attorneys for Defendants

KING, Judge:

Plaintiff David E. Anderson, Jr. brings this civil rights complaint against two employees of the Oregon State Hospital for their actions which allegedly led to Anderson's escape from the hospital. When I granted Anderson in forma pauperis status, I dismissed the Complaint for its failure to state any claims for relief. Anderson filed a First Amended Complaint ("FAC") on June 29, 2010, and defendants moved to dismiss it. Anderson then filed a revised First Amended Complaint ("FAC II") in response to the motion. Defendants moved to renew their motion to dismiss, claiming that the FAC II has the same failings they raised concerning the FAC. Although Anderson did not seek leave of court to file the FAC II, as he was required to do under Federal Rule of Civil Procedure 15 because he had already amended the complaint, I will follow defendants' lead and consider the FAC II the operative complaint.

## ALLEGED FACTS

Anderson first alleges that defendants Leonard and Kuor knew he was a security threat to himself, and they were deliberately indifferent to his security needs on August 15, 2009 by purposely failing to supervise him and allowing him to harm himself by escaping the hospital grounds. Anderson next alleges that defendants intentionally abused him, as determined by the

Superintendent of the Oregon State Hospital. He claims that this conduct violated the Eighth and Fourteenth Amendments.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted). The Court elaborated on Twombly in Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S. Ct. 1955 (brackets omitted).

Id. at 1949 (quoting Twombly). The court should not accept as true allegations which are legal conclusions. Id. at 1949-50.

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

**DISCUSSION**

I.     Equal Protection Clause

To state a claim under § 1983 for violation of the Equal Protection Clause, a plaintiff must show that defendants acted with an intent to discriminate against plaintiff based on membership in a protected class.  Barren v. Harrington, 152 F.3d 1193, 1194 (1998), cert. denied, 525 U.S. 1154 (1999).  A plaintiff may also rely on the alternative theory of a "class of one," as explained in Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073 (2000) ("where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").

Anderson has not pleaded any facts to support either equal protection theory.  Specifically, he does not allege that he was discriminated against because he is a member of a protected class, such as a racial minority.  Under the "class of one" theory, Anderson would have to allege that he was treated differently than a similarly-situated patient.  He failed to do so.  Consequently, I dismiss the equal protection claim.

II.     Cruel and Unusual Punishment Clause

The first part of Anderson's Eighth Amendment claim–that defendants were deliberately indifferent to his security needs by purposely failing to supervise him and allowing him to harm himself by escaping the hospital grounds–is similar to the Eighth Amendment claim analyzed in Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994).  A prison official violates the Eighth Amendment if he shows deliberate indifference to a substantial risk of serious harm to an inmate.  Id. at 828.

>A prison official acts with deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety. Under this standard, the prison official must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, but that person must also draw the inference. If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk. This subjective approach focuses only on what a defendant's mental attitude actually was. Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment Rights.

Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Anderson does not allege that defendants knew he was planning an escape. An allegation that defendants generally were aware that he was a security risk, but knew nothing of the escape plan, is akin to an allegation that the official should have been aware of the risk of an escape. "Should have been aware" is insufficient under Farmer and Toguchi because the official must actually draw the inference and know that a substantial risk of serious harm exists to meet the deliberate indifference standard.

In the allegation that defendants intentionally abused Anderson, he relies on a determination of the Superintendent of the Oregon State Hospital, as explained in the Abuse Investigation and Protective Services Report concerning the incident, which Anderson attached to the FAC II. The report found that Leonard and Kuor violated OAR 407–45–430(2)(c) when they neglected the care of Anderson, allowing him to cut a hole in the yard fence with bolt cutters and escape while under their care and supervision. The regulation states:

>Abuse by Failure to Act: This includes neglecting the care of the individual resulting in death (including suicide), physical or psychological harm, or a significant risk of harm to the individual either by failing to provide authorized and prescribed treatment or by failing to intervene when an individual needs assistance such as denying food or drink or leaving the individual unattended when staff presence is mandated.

Page 5 - OPINION AND ORDER

As explained in Toguchi, however, a negligent act is insufficient to meet the deliberate indifference standard. Thus, Anderson failed to plead facts sufficient to state a plausible claim for relief based on the Eighth Amendment. Accordingly, I also dismiss the Eighth Amendment claim.

## CONCLUSION

Defendants' Motion to Dismiss (#9) and Motion to Renew Motion to Dismiss (#13) are granted. Anderson has already filed three versions of the complaint. I do not grant him leave to file another amendment. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this     10th     day of February, 2011.

    /s/ Garr M. King
Garr M. King
United States District Judge